## BARRETT *et al. v.* BASS BROTHERS & COMPANY.

1. Where a creditor by promissory note signed by three persons, two of whom were sureties, having as further security for his debt a mortgage upon personal property, takes charge of such personalty, the same being sufficient in value to discharge the debt, and fails to appropriate it to the payment of the note, the sureties will be discharged from liability thereon. Especially is this true when the inducement held out to the sureties to undertake the obligation was a statement by the creditor that he had a mortgage upon personalty as additional security.

2. The plea in the present case, as against a general demurrer, suffi-

ciently set up the defense referred to in the above note and was im-
properly stricken.

Argued June 17, — Decided July 27, 1898.

Complaint on note.   Before Judge Harris.   City court of
Floyd county.   December term, 1897.

*McHenry & Nunnally,* for plaintiff in error.
*Lumpkin & Printup* and *M. B. Eubanks,* contra.

COBB, J.   Bass Brothers & Company sued William, An-
thony, and Taylor Barrett upon a promissory note which con-
tained a stipulation as follows:   "Should I at any time before
the payment of this note become indebted to [the payees] on
their books or otherwise, I bind myself to allow [them] to apply
the first payments to the liquidation of the claims they may elect
and determine."   Anthony and Taylor Barrett filed a plea
which was substantially as follows:   They did not sign the note
as principals, but as securities only.   At the time they signed,
plaintiffs informed them that plaintiffs had already taken a
mortgage on certain property belonging to William Barrett, the
principal, being a mule, wagon, harness, and plow-stock then in
possession of and owned by the principal; and plaintiffs made
this statement for the purpose of inducing defendants to sign
the note as sureties.   They, relying on the statement as true,
and knowing that, if true, they would be fully protected in sign-
ing the note and would not eventually have it to pay, did sign it
with that understanding and belief, plaintiffs well knowing at
the time that defendants so understood it.   On February 20,
1895, plaintiffs took possession of the mule, wagon, harness, and
plow-stock, and appropriated the same to their own use and ben-
efit, without warrant or authority and without the consent of the
principal or either of the sureties, thereby increasing the risk of
the latter.   The value of the property thus taken was sufficient
to discharge the entire indebtedness represented by the note.
On oral motion in the nature of a general demurrer the court
struck the plea, and directed judgment to be taken in favor of
the plaintiffs against all of the defendants.   The ruling of the
court in striking the plea and entering judgment is assigned as
error.

When a surety pays off the debt of his principal, he is subrogated to all the rights of the creditor, and in controversies with other creditors, ranks in dignity the same as the creditor whose claim he has paid. Civil Code, § 2995. He is also entitled to be substituted in place of the creditor as to all securities held by him for the payment of the debt. Civil Code, § 2996. A mortgagee of personalty who, without the consent of the surety upon the note secured by the mortgage, applies the mortgaged property, or its proceeds, to another debt owing to him by the mortgagor, will by such conduct discharge the surety from liability to him, to the extent of the value of the property, or its proceeds, thus misapplied. *Montgomery* v. *Martin,* 94 *Ga.* 219. It is, however, contended in the present case that this doctrine is not applicable for two reasons: first, because the note contains the stipulation above referred to, which was authority to the creditor to appropriate the mortgaged property, or its proceeds, to the payment of other debts due by the principal; and second, because it does not appear with sufficient clearness in the plea that the mortgage was taken by the creditor to secure the note upon which the defendants were sureties. In reference to the stipulation in the note, it is only necessary to say that it refers to "payments," and that in no sense would the taking and appropriating of the property in the manner described amount to such a payment by the principal as to give to the creditor the right to appropriate it under that stipulation to a matter entirely foreign to the debt which the mortgage was given to secure. It would be straining the meaning of the term to hold that the transaction complained of in the plea amounted in any way to a payment by the principal. Especially should the meaning of the term "payment" not be extended so as to embrace a transaction of the character described, when the sureties are asserting that the inducement held out to them to undertake the obligation was a statement by the creditor that a mortgage on personalty of sufficient value to discharge the debt had been taken from the principal, and that upon this statement the contract was entered into. In reference to the point made, that the plea did not sufficiently connect the mortgage with the note on which these defendants were sureties, an examination of the

same will disclose that there is no distinct averment that such was the case; but, construing the plea as a whole, and in the absence of a special demurrer, we have no hesitancy in holding that it sufficiently appears that the mortgage referred to in the plea was taken to secure the note which was sued on, and that therefore it was error to strike the plea on this ground. If the facts set up in the plea can be sustained by proof, the defendants are entitled to a verdict discharging them from liability on the note.

*Judgment reversed. All the Justices concurring.*