STRIPLING *et al v.* BANK OF HILLSBORO *et al.*

ATKINSON, J. A bank, being the payee of two promissory notes executed jointly by two of its customers, delivered them as collateral security to a third person to whom it was indebted on a certificate of deposit.

On the faith of the security afforded by the collateral so delivered, certain directors of the bank became sureties on the certificate of deposit, by indorsement. Subsequently the collateral notes were returned to the bank for the purpose of renewal by the makers and keeping the renewals on deposit for the holder. After the renewals were obtained the financial agent of the bank, without notice to the sureties by indorsement on the certificate of deposit, converted the new notes and transferred them separately to two other banks, which, with notice of the conversion, took the notes as collateral security for pre-existing debts of the bank. The bank, becoming insolvent, was placed in the hands of a receiver. The transferees of the renewal notes brought separate suits on them. The administrator of the estate of the payee in the certificate of deposit brought suit on that instrument against the sureties. While those suits were pending in the city court the sureties by indorsement on the certificate of deposit brought suit in the superior court against the plaintiffs named in the suits in the city court, alleging facts as above indicated, and praying to enjoin the prosecution of the suits severally, and to require the plaintiffs therein to plead in the equity suit, and that the rights of all parties be determined and adjudicated in that suit. *Held*, that all parties to the equity suit were interested in the validity of the transfer of the collaterals and disposition of the fruits arising therefrom. *Montgomery v. Martin*, 94 *Ga.* 219 (21 S. E. 513); *Barrett v. Bass*, 105 *Ga.* 421 (31 S. E. 435); Jones on Col. Sec. § 514. It was erroneous to dismiss the petition on general demurrer. *Portwood v. Huntress*, 113 *Ga.* 819 (39 S. E. 299); *Conley v. Buck*, 100 *Ga.* 187 (28 S. E. 97); *East Atlanta Land Co. v. Mower*, 138 *Ga.* 380 (75 S. E. 418), and cit.

*Judgment reversed. All the Justices concur.*

No. 831. NOVEMBER 14, 1918.

Equitable petition. Before Judge Harrell. Mitchell superior court. October 10, 1917.

*Peacock & Gardner* and *E. E. Cox*, for plaintiffs.

*Greene F. Johnson*, for defendants.