16895.  HOPSON *v.* SIKES.

Conceding (but not deciding) that the original plea was a plea of the general issue, there is absolutely nothing in the record to show that the demurrer thereto or motion to strike it was filed at the appearance term.

Where the defendant in a suit on promissory notes filed a plea which was insufficient, being in substance nothing more than a plea of the general issue, but where the plea was not attacked by demurrer or motion to strike *at the appearance term*, the court should not at the next term refuse to allow the filing of a plea offered as an amendment to it, to which no other objection was raised than that there was nothing to amend by.

DECIDED JANUARY 12, 1926.

Complaint; from city court of LaGrange—Judge Tuggle. September 9, 1925.

*Duke Davis, E. A. Jones,* for plaintiff.

*Lovejoy & Mayer,* for defendant.

LUKE, J.  Mrs. T. M. Sikes sued M. S. Hopson on two promissory notes, alleging that the defendant executed a deed to described

property to secure said indebtedness, and praying for a general judgment for the amount of the defendant's indebtedness to her and for a special judgment establishing a lien against the property. Defendant filed the following answer to the petition: "1. Paragraphs 1 and 3 of said petition are admitted. 2. Paragraphs 2 and 4 are denied, and this defendant avers that he is not justly indebted to plaintiff in any sum whatever." The paragraphs admitted pertain to the residence of the defendant and to notice of the ten per cent. attorney's fees. The paragraphs denied pertain to the indebtedness on the notes and the giving of the deed to secure the notes. Before the trial the plaintiff in writing demurred to and moved to strike the answer of the defendant, on the ground that it was insufficient in law and that it set out no issuable defense. The date of the filing of this demurrer or motion to strike is not shown, the "defendant in error stating that he had filed it but was not positive when." There is nothing in the record to show that it was filed at the appearance term. This motion was up for a hearing at the trial term. After argument on the motion, but "before any order had been signed by the court on said demurrer or motion," the defendant offered an amendment to his plea, which amendment alleged that the notes sued on were without consideration, that they represented a naked promise, that the notes and the deed referred to in plaintiff's petition were never delivered to plaintiff, and that the indebtedness to plaintiff, if any existed, had been satisfied. The court refused to allow this amendment and sustained the motion to strike the plea; and thereafter verdict and judgment were rendered for the plaintiff for the full amount sued for. To the rulings stated the defendant excepted.

The position of the defendant in error, briefly stated, is that the answer of the defendant was a mere general denial of the allegations of the petition, that it constituted no legal defense, and that it was in effect a plea of the general issue, and that for this reason there was nothing to amend by, and the plea was properly stricken and the amendment thereto properly disallowed.

Conceding (but not deciding) that the original plea was one of the general issue, there is absolutely nothing in the record to show that the demurrer thereto or motion to strike it was filed at the appearance term. The Supreme Court has held that where a suit was brought on a promissory note, and a plea was filed which was

insufficient, as, in substance, it was nothing more than a plea of the general issue, but where no attack was made upon the plea by demurrer or motion to strike *at the appearance term,* the court should not at the next term have refused to allow the filing of a plea which was offered as an amendment to that previously filed, and to which no other objection was raised than that there was nothing to amend by. *Simmons Furniture & Lumber Co.* v. *Reynolds,* 135 *Ga.* 595 (69 S. E. 913). In the case of *Bland* v. *Swainsboro Fertilizer Co.,* 20 *Ga. App.* 154 (92 S. E. 760), the suit was upon an open account, but the principle announced above was invoked, and this court held that the trial court erred in refusing to allow an amendment to the answer, on the ground that there was nothing to amend by; because "no demurrer to the plea was filed at the *appearance term,* nor was any motion made to strike the plea at *that term.*" (Italics ours.) The failure of the record to show that the demurrer or motion to strike was filed at the appearance term is what differentiates the case under consideration and the *Simmons* case, supra, from the cases cited by defendant in error. As stated in *McMillan* v. *Fourth National Bank,* 18 *Ga. App.* 445 (2 *a*) (89 S. E. 635), "in the case of *Simmons Furniture &c. Co.* v. *Reynolds* [supra] it appears that no attack was made upon the plea by demurrer at the *appearance term,* and that case is therefore distinguishable on its facts from the case under consideration."

The court erred in refusing to allow the amendment to the plea, and the further proceedings in the case were nugatory.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*