22832, 22867.   KENNEDY *v.* FARMERS & MERCHANTS BANK; and *vice versa.*

SUTTON, J. 1. Where in a suit on a note against two defendants as apparent joint makers, an amended plea was filed by one of the defendants, setting up that he signed the note as surety only, which fact was known to the plaintiff, that the note sued on was a balance of a larger note, that at the time of making the original note there were delivered to the plaintiff bank by the principal, as collateral security, described notes aggregating an amount in excess of the amount of the note sued on, that after the execution of the note the bank released said collateral notes to the principal and took his trust receipt therefor, without the knowledge or consent of the defendant surety, that at the time the defendant surety signed the renewal note sued on in this case he did not know that the plaintiff bank had released said collateral notes, that after the notes were so released to the principal defendant, they were either lost or destroyed by him, and are not now in the possession of either him or the plaintiff bank, and can not now be delivered to the defendant surety, that the collateral notes were worth more than the amount of the note sued on, and that by reason of these facts the defendant surety has been injured and his risk increased, so that he is discharged from all liability on the note sued on, the plea was good as against demurrer, and it was error for the court to sustain a demurrer of the plaintiff thereto. Civil Code (1910), § 3544; *Phillips* v. *Trowbridge Furniture Co.*, 86 *Ga.* 699 (13 S. E. 19); *Barrett* v. *Bass Bros. Co.*, 105 *Ga.* 421 (31 S. E. 435); *Parks* v. *Savannah Bank & Trust Co.*, 34 *Ga. App.* 554 (130 S. E. 365); 50 C. J., § 260, p. 160.

(*a*) It can not as a matter of law be said that the act of the plaintiff bank in releasing the collateral notes to the principal debtor, whereby they were lost or destroyed by the latter, did not tend to injure the surety and increase his risk. The creditor thus cut off the right of the

surety to become subrogated to this collateral on payment of the debt of his principal. Civil Code (1910), § 3568; *Lewis* v. *Armstrong*, 80 *Ga.* 402 (7 S. E. 114); *Stewart* v. *Barrow*, 55 *Ga.* 664; *Poullain* v. *Brown*, 80 *Ga.* 27 (5 S. E. 107).

(*b*) It follows that the court erred in sustaining the demurrer to the amended plea of the defendant surety and in striking the same. This rendered the further proceedings in the case nugatory.

2. Where, to a suit on a note, the defendants filed a plea of general issue, and the plaintiff did not demur thereto or move to strike the same at the appearance term, but moved at the trial term to strike the plea on the ground that it was insufficient in law and that there was nothing to amend by, the trial judge properly overruled the motion to strike and allowed the defendants to amend the plea. *Hopson* v. *Sikes*, 34 *Ga. App.* 768 (131 S. E. 294); *Simmons Furniture & Lumber Co.* v. *Reynolds*, 135 *Ga.* 595 (69 S. E. 913). In the cases of *Ford* v. *Serenado Mfg. Co.*, 27 *Ga. App.* 535 (109 S. E. 415); *Caudell* v. *Nabstedt*, 22 *Ga. App.* 694 (97 S. E. 99), and other cases therein cited, the motion to strike the plea was made at the appearance term.

*Judgment reversed on the main bill of exceptions, affirmed on the cross-bill. Jenkins, P. J., and Stephens, J., concur.*

Decided May 29, 1933.

*J. D. & E. S. Taylor, Wright & Covington,* for plaintiff in error. *Maddox, Matthews & Owens, Wesley Shropshire,* contra.