## 24074. GLADNEY *et al.* *v.* BORDERS.

STEPHENS, J. 1. The failure of a petition or a plea to contain all the essential requisites of a cause of action or a legal defense as the case may be will not render the petition or the plea one which does not contain enough to amend by. Where the petition or the plea as the case may be contains allegations sufficient to indicate and identify the particular cause of action or legal defense interposed, the petition or the plea is amendable by an amendment containing allegations sufficient to constitute the cause of action indicated in the petition or the legal defense indicated in the plea. *Ellison* v. *Georgia Railroad Co.*, 87 *Ga.* 691,

712-714 (13 S. E. 809); *Davis* v. *Muscogee Manufacturing Co.*, 106 *Ga.* 126, 128 (32 S. E. 30); *City of Columbus* v. *Anglin*, 120 *Ga.* 785 (48 S. E. 318).

2. Where in a suit by the transferee of a note against the makers, allegations in the plea of one of the defendants that the defendant at the time of the execution of the note was a married woman living with her husband and that she had no interest in the note and received no consideration for the execution of the note, and that the indebtedness represented by the note is that of the co-maker, and the defendant is not liable, sufficiently indicates and identifies the legal defense to the note that the defendant was not liable thereon because the contract was one of suretyship by her as a married woman, for which under the law she was not liable. The plea therefore was subject to an amendment which supplied an allegation essential to set out a legal defense to the note, namely that the plaintiff as the transferee of the note had at the time of the transfer of the note to him knowledge of the fact that the defendant had executed the note as a surety only and that she was a married woman. Where after the court had announced that it would sustain the motion of the plaintiff to strike the original plea, but before passing any order striking the plea, gave permission to the defendant to tender an amendment to the plea, the court erred in disallowing the amendment where under the ruling above indicated the plea was subject to the amendment proposed. *Lytle* v. *DeVaughn*, 81 *Ga.* 226 (2) (7 S. E. 281); *Hopson* v. *Sikes*, 34 *Ga. App.* 768 (131 S. E. 294); *Greenwood* v. *Greenwood*, 44 *Ga. App.* 847 (2) (163 S. E. 317).

3. Although the original plea was not verified as required by law, the judgment striking the plea and disallowing the proposed amendment will not be sustained upon the ground that the plea should have been stricken because it was unverified, where the plea was amendable in substance by the proposed amendment and the proposed amendment which itself was verified as required by law contained by reiteration all the allegations in the original plea.

4. The decision in *Fisher* v. *Savannah Guano Co.*, 97 *Ga.* 473 (3) (25 S. E. 477), is distinguishable. In that case it was held that in a suit on an unconditional contract in writing where, after the defendant's plea had been stricken and the defendant was not entitled as a matter of right to file another plea at a subsequent term of court, it was not error for the court to disallow a plea of the defendant offered at the subsequent term after the court had orally announced a judgment for the plaintiff but it had not been signed and entered on the minutes, although the plea presented a meritorious defense. In that case no question was presented as to the right of the defendant to amend a plea already of file after the court had announced an intention to render judgment striking the plea before the actual rendition of the judgment.

5. The court erred in striking the plea and disallowing the amendment thereto offered by the defendant, and in thereafter rendering judgment for the plaintiff against the defendant.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

Decided February 18, 1935.

*Boykin & Boykin,* for plaintiffs in error.     *Willis Smith,* contra.