## 34859. ENDICOTT *v.* OGLETREE.

DECIDED NOVEMBER 18, 1953.

*Endicott & Endicott*, for plaintiff in error.

J. U. McDow, M. D. McLendon, Bryan, Carter, Ansley & Smith, contra.

GARDNER, P. J. ■ The substance of the plaintiff's attack upon the defendant's answer and cross-action as being subject to the plaintiff's demurrers and motion to strike was that they were not verified, and that, the petition having been verified, a verified answer was required. "In all cases where the plaintiff shall file a petition with an affidavit attached that the facts stated in the petition are true to the best of his knowledge and belief, the defendant shall in like manner verify any plea or answer." Code § 81-401. While the plaintiff's petition was not such as required verification, when he did swear thereto, it was then incumbent on the defendant to verify her plea and cross-action. *Bray* v. *Peace*, 131 *Ga.* 637 (62 S. E. 1025). However, where such plea is not verified, it may be amended and this may be done after the first term. *Southern Ry. Co.* v. *Atlanta Sand &c. Co.*, 8 *Ga. App.* 315 (68 S. E. 1078); *Neal* v. *Davis Foundry &c. Works*, 131 *Ga.* 701 (63 S. E. 221); *Oliver* v. *Webb*, 12 *Ga. App.* 216 (76 S. E. 1081); *Simmons* v. *J. A. Jones Const. Co.*, 72 *Ga. App.* 517 (34 S. E. 2d 300).

There is no merit in the contention of the plaintiff that he was not served with a copy of the answer and cross-action, or with same as amended. There is attached to the original answer and cross-action a certificate of counsel for the defendant that he mailed a copy thereof to the plaintiff's attorney, and there is appended to the amendment a certificate of such counsel that he mailed a copy of same to plaintiff's said counsel. These certificates are not traversed and are taken as true.

There is no merit in the contention that the amendment "attempts to set up a new cause of action in that same attempts to correct and complete an answer that according to the rules of pleading is not an answer." This ground of the demurrer is not well taken. The court did not for any reason err in overruling the demurrers to the defendant's answer and cross-action and to the same as amended.

■ The defendant did not recover on the cross-action, but judgment was rendered by the court in favor of the defendant on the plaintiff's cause of action. None of the assignments of error on the question of the sufficiency of the cross-bill, therefore, show harm, even had there been any error relative to the court's rulings thereon.

The judgment in favor of the defendant generally—that is, insofar as the plaintiff's alleged claim against her—was supported by the evidence. The judge, without a jury, was authorized to find in favor of the defendant and against the plaintiff on the questions raised by the petition and the defendant's denial of liability thereon.

It follows that the court did not err in denying the motion for new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*