42922. BENNETT v. STROUPE.

ARGUED JULY 6, 1967—DECIDED SEPTEMBER 5, 1967.

*Poole, Pearce & Cooper, Jon R. Gray,* for appellant.

*Alston, Miller & Gaines, Lloyd T. Whitaker, Robert G. Edge,* for appellee.

FELTON, Chief Judge. The defendant's original answer to the plaintiff's ex contractu action on the promissory note pleaded a setoff of the plaintiff's alleged indebtedness to the defendant for sales commissions, arising from their employment termination contract. The answer was subject to at least three defects. First, it was not verified, as the verified petition required. *Code* § 81-401 (Ga. L. 1895, p. 44). Second, the attached contract showed the defendant's counterclaim to be barred by the applicable statute of limitation, whether it was 4 years (*Code* § 3-711) or 6 years (*Code* § 3-705), which statute also applies to setoffs. *Code* § 3-708. Third, the answer did not "set out the demand as plainly as if sued on" (*Code* § 81-801), by attaching any itemization of the transactions on which the alleged commissions were earned. *Smith v. Monroe,* 82 Ga. App. 118, 122 (2) (60 SE2d 790) and cit.

In spite of its defects, however, the original answer set out facts sufficient to indicate and specify the plaintiff's breach of

the contract as a cause of action for setoff and constituted enough to amend by under *Code* § 81-1302, even though it was necessary in the amendment to amplify and vary the details of the particular transaction, and even to set up new matter constituting a valid defense against the action. *Code* § 81-1302; *Nauman v. McCoy,* 84 Ga. App. 131, 132 (1b) (65 SE2d 853).

The omission to verify the answer was an amendable defect. *Endicott v. Ogletree,* 89 Ga. App. 161, 163 (1) (78 SE2d 851) and cit. Although the verified amendment did not purport to verify the original answer, it contained by reiteration substantially all of the allegations in the original answer. *Gladney v. Borders,* 50 Ga. App. 608, 609 (3) (179 SE 219).

A pleading can also be amended, under *Code* § 81-1302, so as to set up additional facts such as would prevent the bar by limitation from attaching. *Daniels v. Booker,* 23 Ga. App. 644 (3) (99 SE 228) ; *Collier v. Georgia Securities Co.,* 57 Ga. App. 485 (195 SE 920); *Pendley v. Powers,* 129 Ga. 69 (58 SE 653); *Howell v. Seigler,* 89 Ga. App. 221, 222 (2) (78 SE2d 874). By his amendment, defendant alleged that, in spite of his efforts to ascertain the amounts, if any, owed him by the plaintiff under the contract (which information the plaintiff had contracted to furnish him monthly), he was unable to do so because all the necessary records of the transactions out of which such amounts would have arisen were in the exclusive possession of the plaintiff, who not only denied access thereto to the defendant but also represented that no such amounts were due the defendant. These were allegations of such fraud as would prevent the running of the statute of limitation on the defendant's right of action on such indebtedness until the time of his discovery of the fraud, which was alleged to have been November, 1964. *Code* § 3-807 (Ga. L. 1855-6, p. 236); *Southern Feed Stores v. Sanders,* 193 Ga. 884 (4) (20 SE2d 413). The allegation in the amended answer—that the defendant had provided the plaintiff with a list of defendant's orders for which commissions would be due, in accordance with the termination agreement—does not necessarily show knowledge on the part of the defendant that any commissions were due him, since the contract provided that any commissions would be "subject to back charges

in accordance with standard practice," which might have partially or completely offset any commissions. Whether or not the defendant exercised ordinary or reasonable diligence to discover the fraud earlier is a matter of proof, to be determined by a jury. *Brown v. Brown*, 209 Ga. 620, 622 (7) (75 SE2d 13). Inasmuch as the amended answer alleges the defendant's inability to obtain from the plaintiff the particular records, sufficient compliance with the requirement of itemization and particularization of his claim is shown.

That a promise was made with the intention of not fulfilling it, to induce the defendant to enter into the contract, is another good allegation of actual fraud. *Coral Gables Corp. v. Hamilton*, 168 Ga. 182, 183 (8) (147 SE 494); *Clinton v. State Farm &c. Ins. Co.*, 111 Ga. App. 417, 420 (138 SE2d 687) and cit.; *Adamson v. Maddox*, 111 Ga. App. 533, 535 (3) (142 SE2d 313), and cases cited on p. 536.

The amended answer was not defective as a setoff of fraud (ex delicto) to the action on the note (ex contractu). Although the answer alleges fraud for the purpose of tolling the statute of limitation, it is based upon a breach of the termination contract, an ex contractu claim.

The amended answer alleged an issuable setoff to the action on the note; therefore, the court erred in its judgment striking the amended answer and rendering a default judgment.

*Judgment reversed. Hall and Eberhardt, JJ., concur.*