## 44805. SADLER v. KAY.

PANNELL, Judge. Section 109A-3—416 of the Georgia Uniform Commercial Code (Ga. L. 1962, pp. 156, 263) provides: "Contract of Guarantor. (1) 'Payment guaranteed' or equivalent words added to a signature mean that the signer engages that if the instrument is not paid when due he will pay it according to its tenor without resort by the holder to any other party. (2) 'Collection guaranteed' or equivalent words added to a signature mean that the signer en--

gages that if the instrument is not paid when due he will pay it according to its tenor, but only after the holder has reduced his claim against the maker or acceptor to judgment and execution has been returned unsatisfied, or after the maker or acceptor has become insolvent or it is otherwise apparent that it is useless to proceed against him. (3) *Words of guaranty which do not otherwise specify guarantee payment.* (4) No words of guaranty added to the signature of a sole maker or acceptor affect his liability on the instrument. Such words added to the signature of one of two or more makers or acceptors create a presumption that the signature is for the accommodation of the others. (5) When words of guaranty are used presentment, notice of dishonor and protest are not necessary to charge the user. (6) Any guaranty written on the instrument is enforceable notwithstanding any statute of frauds." (Emphasis supplied.)

Accordingly, where, as in the present case, a promissory note sued upon is signed by one of the parties with the word "guarantor" following such signature, such party must pay the note according to its tenor without resort by the holder to any other party as a condition precedent thereto and, in such a case, there being no defense to the note sued upon other than a contention that the holder must pursue its remedies against the other signer first, the trial court before whom the case was tried without the intervention of a jury did not err in rendering judgment in favor of the holder.

*Judgment affirmed. Hall, P. J., and Quillian, J., concur.*

Submitted October 8, 1969—Decided December 2, 1969.

*Woodruff, Savell, Lane & Williams, John M. Williams, Ronald L. Davis,* for appellant.

*Theo D. Fenster,* for appellee.