## 51295. COOK v. PRESKITT et al.

BELL, Chief Judge.

Plaintiff filed a complaint against Harrison and Butler, a partnership, for labor and materials furnished in the construction of defendants' apartment building. Defendant Harrison answered and filed a third party complaint against the appellant Cook. Defendant Butler answered and filed a cross complaint against defendant Harrison. The main claim was tried separately and a jury returned a verdict in plaintiff's favor for the amount claimed against the defendants. Thereafter, the third party action and the cross claim were tried and a jury returned a verdict against the appellant Cook on the third party complaint and on the co-defendant's cross claim. A judgment was entered accordingly. *Held:*

1. The whole basis for recovery against appellant Cook was that after the defendant partners incurred the debts which gave rise to the main claim and the cross claim, the appellant purchased the appellee Harrison's one half interest in the partnership's apartment complex and agreed to assume all the partnership's liabilities. Code § 75-205 provides: "An incoming partner is not bound for the old debts of the firm in the absence of an express agreement, on sufficient consideration, to assume the old indebtedness." The transcript fails to show any evidence that appellant Cook as an incoming partner expressly agreed to assume the old indebtedness. The evidence reveals that appellee Harrison delivered a warranty deed for his one half interest in the property to appellant in consideration of the latter's payment of $7,500. The deed is silent as to any agreement by appellant to assume any old liabilities of the partnership. Nowhere in appellant's testimony does it appear that he expressly agreed to assume any old partnership indebtedness. Appellee Harrison testified: "We had a sale, there wasn't any stipulation about anything, it was just a flat sale and I got my money and took it to the bank"; and "There was never any conditions mentioned at all, it was just straight cash sale, I got my money and he got the property." Accordingly, the evidence does not authorize the verdict and judgment against appellant. Reversal is

required.

2. All other enumerations of error which concern the court's charge are without merit.

*Judgment reversed. Webb and Marshall, JJ., concur.*

SUBMITTED OCTOBER 7, 1975 — DECIDED JANUARY 9, 1976.

*Smith, Geer, Brimberry & Kaplan, Peter Zack Geer,* for appellant.

*James M. Collier, W. L. Dwyer, Burt, Burt & Rentz, Donald D. Rentz,* for appellees.