59288. WESTWOOD PLACE, LTD. et al. v. GREEN et al.
59289. DOBBS v. GREEN et al.
59290. LEVENTHAL v. GREEN et al.

BANKE, Judge.

The appellees sued as trustees of a pension and profit sharing trust to collect two promissory notes executed to the trust by appellant Westwood Place, Ltd., a limited partnership. Also named as defendants were appellants Dobbs Industries, Inc., and Oliver Reid Dobbs, III, Westwood's general partners at the time the notes were signed, and appellant R. S. Leventhal, who became a limited partner at about that time. Appellant Dobbs' liability was predicated not only on his status as a general partner but also on his written guarantee of payment. After this litigation was initiated, both Dobbs and Dobbs Industries, Inc., resigned as general partners, and Leventhal took over in that role.

The case came on for trial before a jury, and after both sides had submitted their evidence, the trial court directed a verdict in favor of the appellees against all of the appellants. Three separate appeals were filed, one by

Westwood Place and Dobbs Industries, Inc., one by Dobbs, and one by Leventhal. Westwood Place, Dobbs, and Dobbs Industries, Inc., all contend that the directed verdict was in error because the original notes were not produced as evidence and because there was evidence to show both an accord and satisfaction and a modification of the original indebtedness. Dobbs additionally argues that he was discharged as a surety on the notes pursuant to Code § 103-203 because the appellees failed to follow through on the alleged settlement and thereby increased his risk. Leventhal contends that there is no basis to assess personal liability against him because he was not a general partner at the time the notes were executed. *Held:*

1. The trial court did not err in admitting copies of the notes into evidence in lieu of the originals in the absence of any objection.

2. The evidence offered in support of the accord and satisfaction defense indicates at best an oral agreement between the attorneys for the parties. Settlement agreements between attorneys must be in writing in order to be binding. Code § 9-605. Cf. Code Ann. § 24-3339 (Superior Court Rule 19).

3. Appellant Dobbs' contention that he was discharged as a surety pursuant to Code § 103-203 is moot because he is liable as a general partner in any event. We note, however, that Code § 103-203 was superseded in 1924 by former Code § 14-902, which was in turn repealed by Code Ann. § 109A-10—103 (Ga. L. 1962, pp. 156, 428). The present law governing the discharge of parties from liability on instruments may be found in Code Ann. § 109A-3—601.

4. The modification defense is based on an alleged agreement by the appellees to waive payment of interest until the notes matured. This promise was allegedly made in order to induce the limited partners to invest more money in the partnership so as to prevent foreclosure by other creditors holding prior security deeds on the partnership property. However, it appears that the notes are now fully matured according to their terms; therefore, this issue is also moot.

5. The trial court erred in ruling that appellant

Leventhal was liable for the full amount of the indebtedness. Leventhal was not a general partner at the time the notes were signed but was at most a limited partner. The general rule under Code Ann. § 75-402 (Ga. L. 1952, p. 375) is that a limited partner has no liability for the obligations of the partnership; his risk is instead limited to the amount of his investment. He may lose this insulation by taking part in the control of the business (see Code Ann. § 75-408 (Ga. L. 1952, pp. 375, 378)), but the appellees do not suggest that Leventhal became liable on the notes in this manner. Rather, they contend that he became liable by (a) admitting liability in his answer, (b) expressly assuming liability in the agreement whereby he became the general partner, and (c) assuming liability in the earlier agreement whereby he became a limited partner.

(a) The purported admission in the answer was never mentioned during the trial of the case but appears to have been discovered subsequently. The original complaint contains a paragraph which alleges that appellant Leventhal is a resident of DeKalb County, that he is subject to the court's jurisdiction, and that venue is proper because he "is a joint and several obligor and co-partner with a defendant herein who resides in Fulton County, Georgia." The appellants filed a joint answer admitting the entire paragraph. We agree with Leventhal that this admission applied merely to the allegations of jurisdiction and venue. It is not reasonably subject to the construction that it admits liability on the notes. In this we are apparently in agreement with the appellees' position prior to this appeal.

(b) We similarly find no indication that Leventhal agreed to assume liability for the notes when he became general partner for the firm. Code § 75-205 provides as follows: "An incoming partner is not bound for the old debts of the firm in the absence of an express agreement, on sufficient consideration, to assume the old indebtedness." In the agreement which he signed on becoming a general partner, Leventhal agreed merely to accept "the responsibility for the continuation of the limited partnership," and the former general partners assigned to him "all rights, duties, and powers" which

they formerly held. This language does not constitute an express assumption by Leventhal of the partnership's pre-existing indebtedness. See generally *Cook v. Preskitt,* 137 Ga. App. 250 (223 SE2d 282) (1976). Assuming arguendo that any ambiguity existed about his intentions in this regard, that ambiguity was resolved in his favor at trial by the introduction of parol evidence on the issue, all of which indicated such an assumption of liability was not contemplated. Indeed, in light of the apparent condition of the firm's finances, any such assumption would have been highly irrational.

(c) Ironically, although no basis exists for imposing liability upon Leventhal as a general partner, there is ground for holding him partially liable as a limited partner.

Paragraph 8 of the limited partnership agreement which he signed reads, in pertinent part, as follows: *"Capital Contributions:* Each partner shall contribute to the capital of the partnership the cash amount set opposite his name on Schedule 'B' ... [in Leventhal's case, $300]. In addition to the above stated capital contributions, each current and future limited partner agrees that he shall assume the liability for his proportionate share (being his respective profit and loss percentage provided in paragraph 9) of any mortgage or other like financing on the partnership property assumed by the partnership or similar indebtedness that may at any time or times in the future be placed on the partnership property; provided, however, that such personal liability for the limited partners as a group shall not exceed the sum of $880,000.00 . . ."

The indebtedness which is the subject of this suit is secured by fourth mortgages on the partnership property. Leventhal's profit and loss percentage is 30 percent. It follows that he has personal liability under the express terms of paragraph 8 for 30 percent of the amount due under the notes.

Leventhal argues that the language of paragraph 8 quoted above deals with his liability to the partnership itself rather than to creditors. However, we are unable to find any such restriction in the agreement. Thus, we find no basis for interpreting the provision as anything other

than what it appears to be on its face, i.e., a contribution to capital.

The contention that the appellees are not entitled to rely on paragraph 8 of the agreement because they did not urge it as a basis for recovery in the trial court is without merit. The agreement was introduced into evidence, and paragraph 8 was specifically cited in the complaint as the basis for recovery against the limited partners.

The judgment of the trial court is affirmed with direction that the judgment against Leventhal be reduced to 30 percent of the total indebtedness on the notes.

*Judgment affirmed with direction. McMurray, P. J., and Smith, J., concur.*

SUBMITTED JANUARY 17, 1980 — DECIDED FEBRUARY 12, 1980 — REHEARING DENIED FEBRUARY 26, 1980 IN CASE NO. 59290 —

*Jeffrey L. Sakas,* for appellants (Case Nos. 59288, 59289).

*Robert Strickland, Jr., Samuel Appel, William C. Lanham, Jeffrey M. Smith, William E. Hoffmann, Jr.,* for appellees.

*William C. Lanham, Jeffrey M. Smith, William E. Hoffman, Jr.,* for appellant (Case No. 59290.)

*Robert Strickland, Jr., Samuel Appel, Jeffrey L. Sakas,* for appellees.