## 36196. LEVENTHAL v. GREEN et al.

HILL, Justice.

Arthur J. Green and Gordon W. Irwin brought these actions as trustees of a pension and profit sharing trust to collect two promissory notes executed to the trust by Westwood Place, Ltd., a limited partnership. They also named as defendants Dobbs Industries, Inc., and Oliver Reid Dobbs, III, Westwood's general partners at the time the notes were executed, and R. S. Leventhal. At the close of the evidence, the trial court directed a verdict for plaintiffs against all defendants, finding that Westwood Place, Ltd., and Oliver Reid Dobbs were liable on the notes as makers and that Dobbs Industries, Inc., and Leventhal were liable on the notes as general partners of the limited partnership. The Court of Appeals affirmed as to all defendants except Leventhal. Having described Leventhal as having become a limited partner "at about" the time the notes were signed, the Court of Appeals held that he was not liable as a general partner but was personally liable for the notes to the extent of his profit and loss percentage under the limited partnership agreement. *Westwood Place, Ltd. v. Green,* 153 Ga. App. 595 (266 SE2d 242) (1980).

We granted certiorari to review Divisions 2 and 5 (c) of the Court of Appeals opinion to consider the question of the validity of an oral settlement agreement between attorneys and to consider whether a

288

limited partner is directly liable to a partnership creditor by virtue of his outstanding liability to the partnership.

1. We have reviewed the evidence and find no error in Division 2 of the Court of Appeals opinion under the facts of this case. See *General Communications Service, Inc. v. Georgia Public Service Comm.*, 244 Ga. 855 (262 SE2d 96) (1979).

2. In Division 5 (c) the Court of Appeals held that Leventhal was liable on these notes to the extent of his profit and loss percentage under paragraph 8 of the limited partnership agreement. The relevant portion of paragraph 8 reads: "*Capital Contributions:* Each Partner shall contribute to the capital of the partnership the cash amount set opposite his name on Schedule 'B', attached hereto and incorporated herein by reference. In addition to the above stated capital contributions, each current and future Limited Partner agrees that he shall assume the liability for his proportionate share (being his respective Profit and Loss Percentage provided in Paragraph 9) of any mortgage or other like financing on the partnership Property assumed by the partnership or similar indebtedness *that may at any time or times in the future* be placed on the partnership Property; provided, however, that such personal liability for the Limited Partners as a group shall not exceed the sum of $880,000.00 plus accrued interest and any prepayment penalties arising under the promissory notes and deed to secure debt described on Schedule 'C' attached hereto and incorporated herein by reference or any substitute financing indebtedness therefor. Each Limited Partner agrees that upon request of the General Partners he will execute such notes, mortgages, loan agreements or other instruments which may be required in connection with the portion of the financing of the partnership Property described in Schedule 'C' attached hereto or any like substitute financing indebtedness therefor; provided, however, that each Limited Partner shall be liable under such instruments only to the extent of his proportionate individual interest in the Profit and Loss Percentage of the partnership as hereinafter provided in Paragraph 9." (Emphasis supplied.) The notes sued upon here are not described in Schedule "C". The deed to secure debt described in Schedule "C" is not made to plaintiffs.[1]

As we read this provision, it can only be construed to apply to assumption of a proportionate share of future indebtedness. We note that the Court of Appeals did not hold to the contrary since the opinion did not specify the date upon which Leventhal became a

[1]Schedule "C" is a deed to secure debt from Westwood Place, Ltd., to Ronald S. Leventhal and Allen D. Altman as trustees.

limited partner. In this court however, Leventhal and the plaintiffs agree that the only evidence in the record relevant to when Leventhal became a limited partner is the limited partnership agreement which was executed on October 1, 1973. (In his brief Leventhal admits that he in fact became a limited partner on September 24, 1973.) The notes at issue were executed on September 12, 1973. Thus all parties agree that the notes were executed prior to the date on which Leventhal became a limited partner. Paragraph 8 is not applicable to the pre-existing notes here in issue.

Even if paragraph 8 were considered ambiguous, we would reach the same result. Under partnership law (assuming without deciding that a limited partner might be bound by the partnership agreement to creditors of the firm), Code Ann. § 75-205 would apply. Under that statute, "An incoming partner is not bound for the old debts of the firm in the absence of an express agreement . . . to assume the old indebtedness." Although this provision is applicable to general partners, it is equally applicable to limited partners. Code Ann. §§ 75-402, 75-408. Paragraph 8 does not constitute an express agreement by Leventhal to be bound for these pre-existing notes of the partnership.

Considering paragraph 8 as a contribution to capital (rather than simply as an agreement to assume debt), see Code Ann. § 75-418 (1) (b), it nevertheless would be an agreement to contribute capital by assumption of future debt. In view of our construction of paragraph 8 of the limited partnership agreement, we reverse the Court of Appeals insofar as it affirmed the direction of a verdict against Leventhal. This conclusion renders unnecessary any further consideration of whether a limited partner is directly liable to a partnership creditor by virtue of his liability to the partnership for his unpaid capital contribution.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

Argued June 2, 1980 — Decided September 9, 1980.

*Jeffrey M. Smith, William E. Hoffman, Jr.,* for appellant.
*Jeffrey L. Sakas, Cullen M. Ward, Robert Strickland, Jr., Samuel Appel,* for appellees.