## 9061

### BANK OF INMAN v. ELLIOTT *ET AL.*

(84 S. E. 996.)

**BILLS AND NOTES.  DEFENSE OF SURETY.**

BILLS AND NOTES—SURETY—DEFENSE.—Where there is no testimony tending to show that a party, whose name appeared irregularly on the back of note at time of delivery, before the enactment of the Uniform Negotiable Instruments Act of 1914, signed as surety, such person will be treated as a maker, and a verdict directed against him

Before DeVore, J., Spartanburg, December, 1913. Affirmed.

Action by Bank of Inman against Mrs. L. H. Elliott, L. B. Belcher, and J. W. Ballenger as administrator of the estate of N. C. Ballenger, deceased. From judgment for plaintiff, the defendant-administrator appeals. The facts are stated in the opinion.

*Messrs. Carson & Boyd* and *J. Hertz Brown,* for appellant, submit: *Extension of time for payment released surety:* 23 S. C. 588; 41 S. C. 217; 51 S. C. 124. *Whether Ballenger signed as surety should have been submitted to the jury:* 41 S. C. 81; 48 S. C. 311; 45 S. C. 373, 378 and 379. *Parol testimony admissible:* 29 S. W. 210; 95 U. S. —; 24 L. Ed. 341; 1 McC. Ch. 451; 56 S. C. 487; 25 S. C. 547; 2 Daniel's Negotiable Instruments (5th ed.), secs. 1337 and 1338, p. 354. *Presumption that Ballenger was surety:* Stearns' Suretyship, sec. 129; 10 Rich. L. 17; 12 Rich. L. 167; 2 McM. 313; 5 Rich. L. 305; Stearns' Suretyship, sec. 6.

*Messrs. Johnson, Nash, Lyles & Daniel,* for respondent, cite: 2 McM. 313; 5 Rich. L. 305; 10 Rich. L. 17; 12 Rich. L. 554; 37 S. C. 463; 41 S. C. 81; 45 S. C. 373; 48 S. C. 308; 63 S. C. 434; 75 S. C. 255.

April 9, 1915.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an action on a promissory note.

The complaint alleges:

"That for value received, on January 15, 1910, the defendants above named did make and deliver their promissory note unto the plaintiff, whereby six months after date they did promise to pay to the order of Bank of Inman the

sums of one thousand ($1,000) dollars, with discount before and interest after maturity at the rate of eight per cent. per annum and ten per cent. attorney's commisssion in case of suit or collection by attorney.

That the name of defendants, L. B. Belcher and Mrs. N. C. Ballenger, were written on the back of said note, and the name of Mrs. L. H. Elliott on the face of the same before it was accepted by said Bank of Inman, and in order to induce said bank to accept the same.

That no part of said note has been paid except the interest up to October 15, 1910, and the same is now past due and unpaid, and the sum due is one thousand dollars with interest at eight per cent. from October 15, 1910, and ten per cent. attorney's commissions."

The defendants admitted that no part of the note had been paid and alleged:

"That on January 15, 1910, the defendant, L. H. Elliott, made a note to Bank of Inman for one thousand ($1,000) dollars, due six months after date; that the defendants, L. B. Belcher and N. C. Ballenger, signed their names on the back of said note before delivery of same to the plaintiff; that said note was entirely for the benefit of Mrs. L. H. Elliott, and this defendant, N. C. Ballenger, signed and indorsed same as surety, which fact was known to the.plaintiff at the time said note was delivered."

They also alleged:

"That on or about July 15, 1910, the plaintiff received · from the defendant, Mrs. L. H. Elliott, the sum of twenty ($20) dollars as interest on said note for the period of three months, and in consideration of said sum agreed to extend, and did thereby extend, the time for payment of same to October 15, 1910; all of which was without the knowledge or consent of this defendant.

That by reason of the payment and receipt of said interest in advance and agreement to extend the time for the payment of said note and said new contract, the plaintiff

released this defendant from payment of said note and all liability thereon."

There was no testimony tending to show, that the defendant, N. C. Ballenger, signed the note as surety, nor that such fact was known to the plaintiff at the time said note was delivered.

His Honor, the Circuit Judge, therefore, properly directed a verdict in favor of the plaintiff.

Judgment affirmed.