**CHANEY, Plaintiff-Appellee, v. HAMM, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4732. Decided May 2, 1952.

Key, Butler & Harrison, Columbus, for plaintiff-appellee.
Noel L. Greenlee, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Common Pleas Court finding for the plaintiff for the sum of $1701.00 with interest and costs of suit. The action was brought by the plaintiff-appellee as endorsee of the following promissory note:

"$2700.00            Columbus, Ohio,            May 24 1948

"Two years _____ after date for value received. I promise to pay Carl F. Hamm or order the sum of Twenty-Seven Hundred and no/100 Dollars, with interest at the rate of six per cent per annum, payable and computed annually.

"Said principal sum is payable as follows.

"Thirteen Hundred Fifty Dollars, on the 24th day of May, 1949, and a like amount on the 24th day of May, 1950, until the whole amount including interest is fully paid. And if any such installment or said interest, or any part thereof, be not paid when due, the same shall draw interest at the rate of eight per cent per annum from the date of maturity, until paid; and if any installment or said interest or any part thereof remain unpaid for thirty days after its maturity, the principal sum and accrued interest shall thereupon become due and payable, if the legal holder of this note so elect, without demand made therefor, and without notice thereof.

"And I do hereby authorize any Attorney-at-Law to appear for me in an action on the above note, at any time after said note becomes due, in any court of record in the United States, to waive the issuing and service of process and confess a judgment in favor of the legal holder of the above against me, for the amount that may be due thereon, with interest at the rate therein mentioned, and costs of suit, and to waive and release all errors in said proceeding, petitions in error, and the right of appeal from the judgment rendered.

Charles M. Torbert"

The case was submitted to the Court without the intervention of a jury, upon an agreed statement of facts, which may be epitomized as follows:

The plaintiff-appellee is a holder in due course of the said promissory note; that when the first instalment became due on May 24, 1949, the same was not presented for payment in accordance with §8175 GC, but that the maker was called on the telephone and told that the note was due; that the endorser of the note was not notified of the nonpayment of the same until June 10th. Counsel for the plaintiff-appellee admit the statutory requirements with reference to presentment for payment and notice of dishonor but urges that this was not necessary as the note did not become due until May

24, 1950; that the first installment only was due and the statutory requirements had no application. We cannot concur in this conclusion. In **Elworthy-Helwick Co. v. Hess, Exr.,** 9 **Oh Ap 200,** the Court held that when a note is made payable in installments the promise to pay each installment is a separate note in itself; therefore, under §8194 **GC** the defendant-appellant was discharged by reason of the failure to receive notice. of the nonpayment. It is urged by the defendant-appellant that the failure to comply with the foregoing sections upon election by the endorsee to mature the note thirty days after the first installment became due, is also fatal and precludes any recovery by the plaintiff-appellee. This would be true were it not for the fact that the note waives demand and notice upon the acceleration of the due date, the provision being,

"* * * if any installment or said interest or any part thereof remain unpaid for thirty days after its maturity, the principal sum and accrued interest shall thereupon become due and payable, if the legal holder of this note so elect, **without demand made therefor, and without notice thereof.**" (Emphasis ours.)

**Sec. 8187 GC** provides that presentment for payment may be dispensed with by waiver of presentment, express or implied.

**Sec. 8215 GC** provides that when the waiver is embodied in the instrument itself, it is binding upon all parties. See also **Billings v. Lambert, 63 Oh Ap 116.**

The defendant-appellant also urges that the plaintiff-appellee should have been required to pursue a chattel mortgage which was also endorsed to the plaintiff-appellee at the same time that the note was endorsed, before attempting to hold the endorser. But there can be no prejudicial error here for the reason that the property covered by the chattel mortgage had become dissipated. See page 9 of the bill of exceptions. It may be noted also that a mere delay to enforce the mortgage lien will not discharge the endorsee. **Farmers Bank v. Raynolds, 13 Ohio 85.**

We therefore hold that the Court properly rendered judgment for the defendant upon the first installment of the note and for the plaintiff for the balance due.

Finding no error in the record, the judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.