### 58871. KELLETT et al. v. STANLEY et al.

SMITH, Judge.

Appellants brought an action to recover an indebtedness under a promissory note which appellee Stanley signed as surety. Appellee moved for summary judgment on the ground that his obligations under the note were discharged by virtue of a modification agreement, entered into without his knowledge or consent, which altered the payment terms of the promissory note. The trial court granted appellee's motion for summary judgment. We affirm.

On August 26, 1975, a promissory note was executed by Period Pine, Inc. Timothy J. Moran and Peyton D. Stanley signed the note as sureties. The note contains the following provision: "And each of the undersigned . . . severally waives and renounces, each for himself and family, any and all homestead and exemption rights either of us, or the family of either of us, may have under or by virtue of the laws of the State of Georgia, or any other State, or the United States, as against this debt or any renewal or extension thereof."

On March 25, 1976, Period Pine, Moran, Stanley and Michael L. McClellan entered into an agreement under which McClellan agreed to "assume all of the obligations of Stanley and to indemnify and hold Stanley harmless from any and all claims, including attorney's fees and cost of collection which may be asserted against Stanley as a result of his endorsement or guaranty of that certain Promissory Note and Security Agreement dated ————— from the Corporation to Stiles A. Kellett, Stiles A. Kellett, Jr. and Thomas C. Adderhold in the original principal

amount of $27,107.20, a copy of said Promissory Note and Security Agreement being attached hereto as Exhibit B and made a part hereof by reference." The parties also agreed "that the $5,000.00 Savings Account and Account No. 10-062-96-3 which has been pledged as security and collateral for the Promissory Note and Security Agreement to the Bank of Duluth identified in sub-paragraph (d) above is the sole property of Stanley and shall continue to be the property of Stanley under the following terms and conditions: (a) The parties agree to assert their best efforts to substitute McClellan for Stanley on all of the obligations and obtain releases for Stanley from all the holders of the Notes and Security Agreements, with particular efforts being directed to the Note in favor of Stiles A. Kellett, Stiles A. Kellett, Jr., and Thomas C. Adderhold."

On July 28, 1976, appellants, Period Pine, and Moran entered into an agreement which extended the time for payment under the August 26 promissory note. Appellee Stanley contends that, by virtue of the modification agreement, he was discharged from his obligations under the August 26 note.

1. Appellants contend that Stanley consented in advance to a modification of the terms of the August 26 promissory note. In support of this contention, appellants cite the various contract provisions quoted above.

We believe appellants' reliance on these contract provisions is misplaced. Although the August 26 promissory note contains a waiver of homestead and exemption rights "as against this debt or any renewal or extension thereof," there is nothing in the note which tends to establish that Stanley had in fact consented to an extension of time for payment. Although the March 25 agreement clearly reflects the parties' intention that Stanley be released from his obligations with respect to Period Pine, Inc., the agreement does not present a jury question on the issue of consent to extension of time for payment.

Stanley's affidavit in support of his motion for summary judgment states: "Prior to being served with the Complaint in this action, I was unaware that the [July 28] agreement . . . had been executed, or for that matter, that

it existed at all . . . At no time was I ever consulted by anyone concerning this Agreement, its execution, its contents or any other features thereof whatsoever."

In response to this affidavit, appellant Stiles Kellett, Jr., averred that "I was given the distinct impression, and understood it to be so, that Peyton Stanley had in fact authorized Michael McClellan and Timothy Moran to act in his behalf with regard to making any modifications to said note, as well as with regard to attempting to obtain a release for him with regard to said note." However, at a deposition, Kellett was asked: "Do you know if Stanley was consulted about this agreement or if he had anything to do with it?" Kellett responded: "I don't know."

We conclude that appellants have failed to make a substantial response to appellee Stanley's averment that the modification of the promissory note was made without his knowledge or consent. See *Chambers v. C. & S. Nat. Bank,* 242 Ga. 498 (249 SE2d 214) (1978).

2. UCC § 3-606 (1)(a) (Code Ann. § 109A-3—606 (1)(a)) provides: "(1) The holder discharges any party to the instrument to the extent that without such party's consent the holder (a) without express reservation of rights releases or agrees not to sue any person against whom the party has to the knowledge of the holder a right of recourse or agrees to suspend the right to enforce against such person the instrument or collateral or otherwise discharges such person, except that failure or delay in effecting any required presentment, protest or notice of dishonor with respect to any such person does not discharge any party as to whom presentment, protest or notice of dishonor is effective or unnecessary . . ." "The subsection does not expressly state that if the creditor grants an extension, the surety is discharged, but the draftsmen intended that result. The surety, then, can claim discharge under 3-606 when, without his consent and without an 'express reservation of rights,' the creditor and debtor enter into a binding agreement to extend time for payment." White & Summers, Uniform Commercial Code 434, § 13-14, (1972). See Lee Federal Credit Union v. Gussie, 542 F2d 887 (4th Cir. 1976); American State Bank v. Leaver, 153 NW2d 348, 351 (Iowa 1967); Stanley v. Ames, 391 NE2d 908, 910 (Mass. 1979). Appellants have

not raised the issue of "express reservation of rights" on appeal. We conclude that appellants' grant of an extension of time for payment to the debtor without Stanley's consent discharged Stanley from his obligation as surety under the August 26 promissory note.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED NOVEMBER 19, 1979 — DECIDED MARCH 12, 1980.

*Gerald F. Handley, Robert P. Bleiberg,* for appellants.

*Charles Ratz, Tyler Dixon,* for appellees.