Argued and submitted November 8, 1982, affirmed March 30, 1983

BINFORD,
*Appellant,*

*v.*

L. W. LICHTENBERGER ESTATE,
*Defendant,*
LICHTENBERGER,
*Respondent.*

(40 908; CA A24119)

660 P2d 1077

Warde H. Erwin, Portland, argued the cause and filed the briefs for appellant.

Paul Gerhardt, Portland, argued the cause and filed the brief for respondent.

Before Joseph, Chief Judge, and Warden and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff, payee on a promissory note, sought recovery from the estate of the deceased maker of the note[1] and from defendant, maker's wife, who also had signed the instrument. Defendant defended on the grounds that plaintiff had given the maker an extension on the note without her knowledge and that plaintiff had failed to make timely presentment. The trial court found that (1) plaintiff had agreed to forebear collection of the note when the maker became delinquent, (2) defendant was an accommodation indorser and (3) plaintiff was not prompt in presenting the note to defendant for payment after the maker's default, thereby prejudicing defendant. The court held that defendant had prevailed on her affirmative defenses and entered judgment in her favor. Plaintiff appeals. We affirm.

■ We first must determine the capacity in which defendant signed the note, and in doing that we look to the note and to the extrinsic evidence of the intent of the parties. The note states that "L.W. Lichtenberger [deceased maker] promises to pay ...." Had the note said only "I promise to pay .. .," the defendant would be presumed to be, along with her husband, a principal maker. ORS 73.1180(5); *Lumbermen's Nat. Bank v. Campbell,* 61 Or 123, 131, 121 P 427 (1912). Defendant made no express promise to pay the debt, nor may such a promise be inferred from the language of the note. In the absence of a promise to pay the debt, defendant must be considered to be an indorser.[2]

---

[1] The liability of the estate is not before us.

[2] *See* ORS 73.4020: "Unless the instrument clearly indicates that a signature is made in some other capacity it is an indorsement." The application of ORS 73.4020, which is UCC 3-402, is explained in Hawkland, Commercial Paper (2d ed 1979) at 49:

"The most common situation involving a person who impressionistically appears to be a maker but turns out to be an indorser arises when two or more people sign a promissory note in its lower right-hand corner, whereas the promissory language of the note indicates that not all the signatories are undertaking primary liability. For example, were John Jones and Joe Smith to sign on its face a note promissory language of which states, 'I, John Jones do promise to pay,' Joe Smith would be liable as an indorser only. Because he has not unconditionally promised to pay the instrument, he is not deemed to have signed as a maker. He is liable as an indorser because, by U.C.C. Section 3-402, 'unless the instrument clearly indicates that a signature is made in some other capacity it is an indorsement.'"

■ It is apparent that defendant signed the instrument in an accommodation status. Evidence of that intent is found in the testimony of plaintiff, who had informed the maker that he would not accept the note unless defendant signed it.[3] Further, the evidence shows that the note was given for the benefit of Metropolitan Printing Company, of which the maker was president. There is no evidence that defendant had any direct interest in the company. The application of the proceeds of a note for the sole benefit of another signing party is indicative of a signer's accommodation status. *See Bank of America v. Superior Court* 4 Cal App 3d 435, 84 Cal Rptr 421, (1970); *Gehrig v. Ray,* 332 So2d 703 (Fla App 1976); *Lewis v. Citizens &c. Nat. Bank,* 139 Ga App 855, 229 SE2d 765 (1976); *Stockwell v. Bloomfield State Bank,* 174 Ind App 307, 367 NE2d 42 (1977); *Lee Federal Credit Union v. Gussie,* 542 F2d 887 (4th Cir 1976). We conclude that the trial court correctly held defendant to be an accommodation indorser.

■ An accommodation party is one who has signed an instrument as maker, acceptor or indorser, without receiving value therefor, for the purpose of lending his name to some other person who is primarily liable. *Bank of Freewater v. Hyett,* 137 Or 193, 204, 1 P2d 1113 (1931). An accommodation party is entitled to the rights of a surety, *Reynolds v. Vint,* 73 Or 528, 532, 144 P 526 (1914), and a surety will be discharged when an agreement is made between the creditor and the principal debtor extending the time of payment without the consent of the surety. *Walin et al. v. Young,* 181 Or 185, 180 P2d 535 (1947); *Hoffman v. Habighorst,* 49 Or 379, 89 P 952, 91 P 20 (1907); *see also* ORS 73.6060(1)(a); Bailey, UCC Deskbook § 7.02 (1973) ("An extension of time given the principal debtor has been held to discharge an accommodation party."). However, for the rule of discharge to operate, the extension must be

---

See also *King v. Finnell,* 603 P2d 754 (Okla 1979); *First National Bank of Atlanta v. Hargrove,* 503 SW2d 856 (Tex Civ App 1973).

[3] In holding a signer to be an accommodation party, several jurisdictions have considered it significant that the signer was requested or required to sign the note as a condition to the other signing party's obtaining credit. *See Gavin v. Hinrichs,* 375 So2d 1063, 402 So2d 974 (Ala 1979); *Fairfield County Trust Co. v. Steinbrecher,* 5 Conn Cir 405, 255 A2d 144 (1968); *Farmers State Bank v. Cooper,* 227 Kan 547, 608 P2d 929 (1980); *Phila. Bd. & Mtg. v. High. Crest, et al.,* 235 Pa Super 252, 340 A2d 476 (1975).

supported by legal consideration. *Philco Finance Co. v. Patton,* 248 Or 310, 318 n 9, 432 P2d 686 (1967). Consideration in this case is the maker's payment of interest on the debt for the extended period. The note here states that the maker promises to pay interest of 8 percent on the balance "until the balance is paid." Payment of interest for the extended period of time is sufficient consideration for the creditor's agreement to extend the note. *Philco Finance Co. v. Patton, supra,* 248 Or at 319. Because the extension agreement was made without defendant's knowledge or consent, she is discharged.

■■■ As an indorser, defendant was also discharged by plaintiff's failure to give her timely notice of the maker's dishonor. Failure to notify an indorser of an installment note timely that an installment payment has been missed discharges the indorser, even though the entire note does not come "due" until later. *Chaney v. Hamm,* 67 Ohio L Abs 102, 119 NE2d 95 (1952); ORS 73.5010 *et seq.* Plaintiff did not present the note for payment, nor did he give defendant notice of dishonor, until 21 months after the first missed installment payment. Presentment or notice of dishonor delayed beyond the time it was due discharges an indorser. ORS 73.5020(1)(a). Defendant has another basis for discharge in plaintiff's agreement with the maker to allow a delay in payments. By so doing, plaintiff agreed to suspend his right to enforce the note against maker, thus discharging defendant under ORS 73.6060(1).

Plaintiff's assignment of error concerning the admission of a bank record that tends to show that the maker was solvent at the time of the extension has no bearing on the result here. Defendant need not show actual prejudice to be released as an accommodation party because of plaintiff's consent to extend the payment schedule. Neither does the admission of the bank record affect the other two grounds for release. Accordingly, we do not reach the issue.

Affirmed.