**FIRST NATIONAL BANK OF LAYTON, Plaintiff and Respondent,**

v.

**Scott L. EGBERT, Mack G. Egbert and Cora Egbert, Defendants and Appellants.**

**No. 18324.**

Supreme Court of Utah.

April 19, 1983.

Reed M. Richards, Ogden, for defendants and appellants.

C. Bruce Barton, Layton, for plaintiff and respondent.

DURHAM, Justice:

This is an action by the respondent First National Bank of Layton (hereafter "FNB") to collect on a series of notes which represent monies loaned to the defendant Scott Egbert. The appellants Mack and Cora Egbert, the parents of Scott Egbert, were cosigners on two of Scott's notes. Mack and Cora Egbert appeal from the trial court's granting of summary judgment in favor of FNB. We reverse.

On September 30, 1975, Scott Egbert signed, and Mack Egbert cosigned, the first promissory note in favor of FNB in the amount of $9,171.60. This note was secured by Scott's 1976 Ford pickup truck. On September 17, 1976, Scott Egbert signed, and Cora Egbert cosigned, the second promissory note in favor of FNB in the amount of $1,167.36. The second note was also secured by Scott's 1976 Ford pickup truck. On June 16, 1977, Scott Egbert signed a third promissory note in favor of FNB in the amount of $350. By July of 1978, Scott Egbert was in default on all three notes.

On August 24, 1978, in an effort to consolidate and renew the outstanding amounts of the three prior notes, Scott Egbert signed a fourth promissory note in favor of FNB in the amount of $13,957.92. This fourth note represented the refinancing of the first three notes and included additional charges such as insurance on Scott's 1976 Ford truck, credit life insurance, late charges and interest. The fourth

note was to be secured by Scott's 1976 Ford truck and an assignment of the real estate contract under which Scott and his wife Pamela were purchasing their home in Ogden. None of the documents pertaining to the fourth note were signed by, or prepared for the signatures of, Mack and Cora Egbert. Scott Egbert also defaulted on this note.

On February 22, 1980, FNB instituted this suit against Mack, Cora, and Scott Egbert to collect on all four notes. Mack and Cora Egbert moved for summary judgment on the ground that the first and second notes, on which they were cosigners, were cancelled by the execution of the fourth note signed only by Scott Egbert. FNB opposed Mack and Cora Egbert's motion for summary judgment on the ground that the fourth note did not extinguish their obligations under the first and second notes because the fourth note was invalid for lack of completion, namely, the absence of Pamela Egbert's signature and a valid assignment of the pledged real property.[1] In addition, FNB moved to amend its complaint to exclude the cause of action based on the fourth note. The trial court denied Mack and Cora Egbert's motion and granted FNB's motion. FNB then moved for summary judgment on Mack and Cora Egbert's liability on the first and second notes on the theory that those notes were not cancelled by the invalid fourth note. The trial court granted FNB's motion on the basis that "the proposed [fourth] promissory note failed for lack of completion sufficient to be a legal contract binding the parties." Mack and Cora Egbert now appeal that decision.

As noted, the trial court found the fourth note invalid because of lack of completion. On appeal, the parties' arguments focus on the question of whether there existed con-

sideration sufficient to support the fourth note. However, we deem the validity or invalidity of the fourth promissory note irrelevant to the disposition of the present case. In our view, the dispositive issue is whether the actions of FNB with respect to the fourth note discharge Mack and Cora Egbert of further liability on the first and second notes.

Under Utah's Negotiable Instruments Law enacted in 1899, it is clear that Mack and Cora Egbert would not be relieved of liability on the first and second notes by FNB's actions with respect to the fourth note. *See, e.g., Wolstenholme v. Smith,* 34 Utah 300, 97 P. 329 (1908). Thus, unless Utah's Uniform Commercial Code has changed prior law, Mack and Cora Egbert would remain liable on the first and second notes.

■ Section 70A–3–415(1) of Utah's Uniform Commercial Code reads as follows:

An accommodation party is one who signs the instrument in any capacity *for the purpose of lending his name to another party* to it.

U.C.A., 1953, § 70A–3–415(1) (emphasis added). It is uncontested that Mack and Cora Egbert were cosigners rather than comakers on the first and second notes and as such, they signed in a capacity "for the purpose of lending [their] names" to their son Scott. Mack and Cora Egbert are therefore accommodation parties within the definition of § 70A–3–415(1). *Accord, e.g., Ebeling v. Lowry,* Fla.App., 203 So.2d 506 (1967); *Stockwell v. Bloomfield State Bank,* Ind., 174 Ind.App. 307, 367 N.E.2d 42 (1977). As accommodation parties, Mack and Cora Egbert are sureties. *See Kennedy v. Bank of Ephraim,* Utah, 594 P.2d 881 (1979) (citing the Uniform Commercial Code, Official Comment to § 3–415(1)).

Section 70A–3–606(1)(a) reads as follows:

---

1. Despite FNB's claim that the application for the fourth loan was incomplete, its actions appear to be inconsistent with that position. On September 15, 1978, FNB stamped "CANCELLED BY RENEWAL" on the face of the three prior notes. In addition, the outstanding delinquent balance owing as of September of 1978 is set forth on the face of each of the three prior notes, followed by the handwritten lan-

guage: "payoff to new loan Note # 80691." The fourth promissory note bears the number 80691. Furthermore, with respect to the fourth note, FNB sent repeated billings and letters to Scott Egbert. Moreover, as noted above, FNB's complaint set forth a cause of action based on the fourth promissory note. No. 18324

The holder discharges any party to the instrument to the extent that without such party's consent the holder

(a) without express reservation of rights releases or agrees not to sue any person against whom the party has to the knowledge of the holder a right of recourse or agrees to suspend the right to enforce against such person the instrument or collateral or otherwise discharges such person, except that failure or delay in effecting any required presentment, protest or notice of dishonor with respect to any such person does not discharge any party as to whom presentment, protest or notice of dishonor is effective or unnecessary . . . .

U.C.A., 1953, § 70A–3–606(1)(a). "The subsection does not expressly state that if the creditor grants an extension [of time for payment], the surety is discharged, but the draftsmen intended that result. The surety, then, can claim discharge under [§] 3–606 when, without his consent and without an 'express reservation of rights,' the creditor and debtor enter into an agreement to extend time for payment." J. White & R. Summers, *Handbook on the Law under the Uniform Commercial Code* § 13–14, at 524–25 (2d ed. 1980) (citations omitted). *See also, e.g., Lee Federal Credit Union v. Gussie,* 542 F.2d 887 (4th Cir.1976); *Kellett v. Stanley,* 153 Ga.App. 854, 267 S.E.2d 282 (1980); *North Bank v. Circle Investment Co.,* 104 Ill.App.3d 363, 60 Ill.Dec. 105, 432 N.E.2d 1004 (1982).

We conclude that, by means of the fourth promissory note, FNB and Scott Egbert agreed to an extension of time for payment of the first and second notes without the consent of the sureties, Mack and Cora Egbert.[2] At the very least, FNB had

"agree[d] to suspend the right to enforce [the first and second notes] against" Scott Egbert. U.C.A., 1953, § 70A–3–606(1)(a). As a result, § 70A–3–606(1)(a) relieves Mack and Cora Egbert of further liability on the first and second notes.

Our conclusion is not affected by FNB's assertion and the trial court's finding regarding the invalidity of the fourth note. Even assuming, without deciding, the correctness of that finding, under Utah's Uniform Commercial Code, it is the agreement that is controlling and not whether the agreement is necessarily binding. *See* J. White & R. Summers, *supra,* at 525 (discussing *Lee Federal Credit Union, supra* ). Thus, by entering into an agreement extending the time for payment, namely, the fourth promissory note, without the consent of the sureties, Mack and Cora Egbert, and without an express reservation of rights, even though it was not required under the three prior notes, FNB discharged Mack and Cora Egbert of any further liability under the first and second notes. *See* U.C.A., 1953, § 70A–3–606(1)(a).

FNB cites *Marking Systems, Inc. v. Interwest Film Corp.,* Utah, 567 P.2d 176 (1977) (and cases cited at 178 n. 1) for the proposition that the execution of renewal notes does not cancel prior notes. However, that case is easily distinguished from the present case in that it does not discuss Utah's Uniform Commercial Code or its effect on accommodation parties when an agreement for a renewal note is entered. Moreover, the present decision does not in any way determine the validity of any of the four notes vis-a-vis Scott Egbert. We only hold that, by the agreement of FNB and Scott Egbert, Mack and Cora Egbert were relieved of their obligations as sureties.

---

2. Although FNB may raise the argument that the language of the first and second promissory notes indicates that Mack and Cora Egbert consented to an extension of time, such a general consent to an extension does not aid FNB here. U.C.A., 1953, § 70A–3–118(f) in pertinent part reads:

Unless otherwise specified consent to extension authorizes *a single extension* for *not longer than the original period.* A consent to extension, expressed in the instrument, is

binding on secondary parties and accommodation makers.

(Emphasis added.) The period of the fourth note, six years, is longer than the original periods in the first and second notes, five and two years, respectively. Thus, we hold that, as a matter of law, the extension of time under the fourth note for a period longer than that of the first and second notes was without Mack and Cora Egbert's consent.

We reverse the judgment of the trial court. No costs awarded.

HALL, C.J., and OAKS and HOWE, JJ., concur.

STEWART, J., concurs in the result.