22984

SEVEN LAKES INVESTMENT GROUP, INC., and First Union National Bank of North Carolina, Respondents v. Shirley L. CROWE, Lonnie Larrimore, Norris Baker, Steven Bostian Electric Services, Inc., and Fleet Funding, f/k/a Banker's Mortgage Corp., of whom Lonnie Larrimore and Norris Baker are Appellants. Appeal of Lonnie LARRIMORE and Norris Baker.

(377 S. E. (2d) 576)

Supreme Court

*E. N. Zeigler,* Florence, *for appellants.*

*Victoria T. Vaught,* of *Lovelace & Battle, P.A.,* Conway, *for respondents.*

Heard Dec. 8, 1988.

Decided March 6, 1989.

*Per Curiam:*

This is an action for collection of a note and foreclosure of a mortgage given by Shirley L. Crowe to respondent Seven Lakes Investment Group (Seven Lakes). The note was endorsed by appellants Larrimore and Baker. The special referee found that Larrimore and Baker had not been discharged and remained liable as endorsers on the note. We affirm.

The note in question is a 120 day note which was due January 5, 1986. Prior to the maturity date, Ms. Crowe notified Seven Lakes she would not be able to make timely payment and Seven Lakes agreed not to foreclose immediately. No payment was received, and on March 11, 1986, Seven Lakes notified Larrimore and Baker that Ms. Crowe was in default and that foreclosure proceedings were going to be instituted. On March 17, 1986, Ms. Crowe sent Seven Lakes a check for $10,000 which was accepted and her account was credited in that amount. Seven Lakes had discussions as late as June 1986 with Larrimore and Baker regarding their liability on the note.

Larrimore and Baker argue they were discharged from liability because, without their consent, Seven Lakes agreed with Crowe to extend the time for payment of the note. We disagree.

South Carolina Code Ann. § 36-3-606 (1976) provides, in part, that a party to the instrument is discharged where, without the party's consent, the holder agrees to an extension of time. An "agreement" is defined in S. C. Code Ann. § 36-1-201(3) (1976) as the bargain of the parties in fact, and whether an agreement has legal consequences is determined by applicable provisions of the Uniform Commercial Code or by the law of contracts. We agree with the majority of other courts that have addressed the issue that for an agreement under § 36-3-606 to have legal consequences, the agreement must be a binding one, supported by consideration. *See Keene Corp. v. International Fidelity Ins. Co.,* 561 F. Supp. 656 (D. C. Ill. 1982); *Mitchell v. Ringson,* 169 Ga. App. 88, 311 S. E. (2d) 516 (1983); *Kellett v. Stanley,* 153 Ga. App. 854, 267 S. E. (2d) 282 (1980); *Langerveld v. L. R. Z. H. Corp.,* 74 N. J. 45, 376 A. (2d) 931 (1977); *Binford v. L. W. Lichtenberger Estate,* 62 Or. App. 439, 660 P. (2d) 1077 (1983); *but see Varga v. Woods,* 381 N. W. (2d) 247 (S. D. 1986). Further, this result is consistent with our cases decided prior to the adoption of the Uniform Commercial Code. *E.g., Bank of Inman v. Elliott,* 100 S. C. 440, 84 S. E. 996 (1915); *Parnell v. Price,* 24 S. C. L. (3 Rich.) 121 (1846); *Bank of South Carolina v. Myers,* 17 S. C. L. (1 Bail.) 412 (1830).

In this case, Ms. Crowe's $10,000 payment did not constitute new consideration since she was already legally bound to pay the note. *See Rabon v. State Finance Corp.,* 203 S. C. 183, 26 S. E. (2d) 501 (1943) (an agreement to extend the time for payment is not valid where the only consideration is a promise by the debtor to do some thing he is already legally bound to do). The fact that Seven Lakes may have indulged her by extending the time for payment did not give rise to a valid agreement which would discharge Larrimore and Baker from liability under § 36-3-606.

Larrimore's and Baker's remaining exceptions were neither raised to nor ruled on by the special referee, and we therefore decline to address them on appeal. Accordingly, the order of the special referee is

Affirmed.