Argued and submitted November 21, 1997, reversed and remanded
February 25, 1998

## FRED SHEARER & SONS, INC.,
an Oregon corporation,
*Appellant,*

*v.*

## Patrick R. PRENDERGAST,
*Respondent,*

*and*

## PRENDERGAST & ASSOCIATES, INC.,
*Defendant.*

(9410-07410; CA A91667)

955 P2d 324

G. Kenneth Shiroishi argued the cause for appellant. With him on the opening brief were Gayle K. Rowe and Dunn, Carney, Allen, Higgins & Tongue.

James T. McDermott argued the cause for respondent. With him on the brief were Phillip E. Joseph and Ball Janik LLP.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff in this action on a promissory note appeals from the dismissal of its complaint for failure to state ultimate facts sufficient to constitute a claim, ORCP 21 A(8), and from the award of attorney fees to defendant. On an appeal from the trial court's grant of an ORCP 21 A(8) motion, we assume the truth of all well-pleaded facts alleged in the complaint and give plaintiff the benefit of all favorable inferences that may be drawn from those facts. *Stringer v. Car Data Systems, Inc.,* 314 Or 576, 584, 841 P2d 1183 (1992). We reverse and remand.

The issue is whether plaintiff's complaint states a claim that defendant Patrick Prendergast is obligated to pay the debt on a promissory note, either as a maker of the note or as an accommodation indorser. In the note, defendant Prendergast & Associates, Inc., (Associates) promised to pay plaintiff a sum of money not later than September 30, 1994. The note is signed on behalf of Associates by Prendergast as managing director and is signed a second time by Prendergast. The note provides, in pertinent part:

"For value received the undersigned, Prendergast & Associates, Inc., promises to pay to the order of Fred Shearer & Sons, Inc. the sum of Three Hundred Sixty One Thousand Eighty Two Dollars * * *.

"Prendergast & Associates, Inc.

"By: / s / *P. R. Prendergast*

"Title: *Managing Director*

"By: / s / *P.R. Prendergast*"

Plaintiff commenced this action against both Associates and Prendergast and served Prendergast on October 27, 1994.

In the first amended complaint, plaintiff alleged that both defendants executed the note as makers. It attached the note to the complaint as an exhibit. Prendergast moved to dismiss the amended complaint against him personally on two grounds. First, he argued that the allegation in the complaint that he was a maker of the note was belied by the fact

that the note attached to the complaint as an exhibit contained no promise by him as an individual to pay the obligation. Second, he argued that the complaint did not allege the elements necessary to obligate him to pay the note as an accommodation indorser. The trial court ruled that Prendergast had not signed as a maker and dismissed the complaint against him, but allowed plaintiff to file an amended complaint.

In the fourth amended complaint against Prendergast alone,[1] plaintiff alleges that Prendergast signed the note as a maker or, in the alternative, that he signed as an "accommodation indorser." The fourth amended complaint also had a copy of the note attached as an exhibit. Prendergast again moved for dismissal, pursuant to ORCP 21 A(8), on the ground that the fourth amended complaint failed to allege that plaintiff "gave timely notice of dishonor to Prendergast." Additionally, in the motion to dismiss the fourth amended complaint, Prendergast, for the first time, sought attorney fees. The trial court granted Prendergast's motion to dismiss and awarded him attorney fees.

Plaintiff appeals and assigns error to the rulings regarding Prendergast's status as a maker (the dismissal of the first and fourth amended complaints) and to the trial court's ruling that plaintiff had failed to state a claim against Prendergast as an accommodation indorser. Plaintiff also assigns error to the award of attorney fees.

We begin our discussion with plaintiff's assignments of error regarding the trial court's ruling that Prendergast did not sign the note in the capacity of a maker. Plaintiff argues that the allegations in the first and fourth amended complaints that Prendergast signed the promissory note as a maker must be accepted as fact. Plaintiff recognizes that when the face of the promissory note is considered, it does not support the contention that Prendergast signed as a maker. Nevertheless, plaintiff argues:

"[I]f one considers both plaintiff's pleadings *and* the attached exemplified copy of the note it is readily inferable

---

[1] Pursuant to ORCP 54 E, Associates allowed judgment to be entered against it as prayed for by plaintiff in the third amended complaint.

that these parties inartfully memorialized their intent; that is (and just as they appeared on the original note), although it was intended that defendants Patrick Prendergast and Prendergast & Associates both would be principally obligated to repay the amount due under the replacement promissory note, the note itself incorrectly does not reflect that intent." (Emphasis in original.)

Plaintiff's argument regarding the import of attaching the note to the complaint as an exhibit is contrary to well-settled law. As the Supreme Court has repeatedly said:

"[I]f there is any discrepancy between the averments of a pleading and the terms of a writing properly identified or attached to a statement of facts constituting a cause of action or a defense, the language of the exhibit will control in determining its legal effect." *Anderson v. Chamliss*, 199 Or 400, 409, 262 P2d 298 (1953).[2]

Accordingly, in this case, the language of the note controls. The note on its face does not contain a promise by Prendergast to pay the debt. Therefore, Prendergast must be considered an indorser. *Binford v. L. W. Lichtenberger Estate*, 62 Or App 439, 660 P2d 1077 (1983). The trial court did not err when it dismissed plaintiff's complaint for failure to state a claim against Prendergast as a maker.

■■ Next, plaintiff assigns error to the dismissal of its fourth amended complaint with respect to its alternative theory that Prendergast is obligated to pay the note as an accommodation indorser. In his motion to dismiss, Prendergast argued that the facts alleged in the complaint were not sufficient to allege the essential element that plaintiff gave him notice of the maker's dishonor of the note. *Former* ORS 73.5080, which the parties agree applies to this case, provided that notice of dishonor to an accommodation indorser was required to be given by the holder "before midnight of the third business day after dishonor."[3] Plaintiff responds that

---

[2] *See also Oak Grove Parr v. McCutcheon Const.*, 275 Or 381, 384, 550 P2d 1382 (1976); *Lemire v. McCollum*, 246 Or 418, 427, 425 P2d 755 (1967); *Somers v. Hanson*, 78 Or 429, 432, 153 P 43 (1915).

[3] The current statutes on notice of dishonor and excuse of notice of dishonor are ORS 73.0503 and ORS 73.0504.

the facts alleged in the complaint are sufficient to demonstrate that under *former* ORS 73.5110(2)(b) it was excused from giving Prendergast actual notice of dishonor within the three day time limit. That statute provided:

> "(2) * * * notice * * * is entirely excused when:
>
> "* * * * *
>
> "(b) [The party to be charged] has dishonored the instrument or has countermanded payment *or otherwise has no reason to expect or right to require that the instrument be accepted or paid*[.]" (Emphasis supplied.)

Thus, the issue before us on appeal is whether the complaint alleges facts sufficient to support plaintiff's theory that notice of dishonor was excused under *former* ORS 73.5110(2)(b). The complaint alleges, in part:

> "On or about September 27, 1994, plaintiff sent a reminder to corporation and defendant Patrick R. Prendergast that their note was due and payable on September 30, 1994. On or about September 27, 1994, defendant Patrick R. Prendergast requested an extension of one year to pay the note. On or about September 28, 1994, defendant Patrick R. Prendergast's request for an extension of time was refused and plaintiff reaffirmed its demand that the note be paid September 30, 1994. *On September 29, 1994, defendant Patrick R. Prendergast confirmed that corporation did not have the funds to pay the note*. The note was not paid and this action was filed on defendant Patrick R. Prendergast on October 27, 1994." (Emphasis supplied.)

The allegations in the complaint clearly allege that plaintiff made demand on Associates and that Prendergast was the corporate official who "confirmed that the corporation did not have the funds to pay the note." As such, the complaint alleges facts from which it can be inferred that Prendergast, as indorser of the note in his individual capacity, had "*no reason to expect * * * that the instrument be accepted or paid*" by the maker within the meaning of *former* ORS 73.5110(2)(b).[4]

---

[4] Our holding is based on a straightforward reading of the statutory text. It is, however, also in accord with cases in other jurisdictions that have interpreted the corresponding text of Article 3 of the Uniform Commercial Code and its commentaries. Professor Hawkland explained:

> "A final * * * application [of UCC § 3-511(2)(b)] involves a party who indorses an instrument made by or drawn upon a corporation of which he is an agent. If,

Accordingly, the requirement that plaintiff give Prendergast notice that Associates had dishonored the note was "entirely excused." The trial court erred when it dismissed the complaint against Prendergast as an accommodation indorser. In view of our holding, the award of attorney fees was also error.

Reversed and remanded.

---

as agent for the maker * * * he has dishonored the instrument, it can be argued that notice of dishonor is excused as to him. * * * [N]otice should be excused on the grounds that he has no reason to expect payment * * *." Hawkland and Lawrence, UCC Series § 3-511:07; *see also* cases cited therein.